UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI CHIQUITO, )<br>      Plaintiff, )<br>   v. )<br>LIVE NATION WORLDWIDE, INC., )<br>      Defendant. ) | No. 1:19-cv-02519-JPH-TAB |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SANCTIONS**

**I. Introduction**

At issue is Plaintiff Brandi Chiquito's motion for sanctions [Filing No. 23] against Defendant Live Nation Worldwide, Inc. for failure to timely deliver payment following a settlement agreement. Plaintiff asks the Court to invoke its inherent authority to sanction Defendant$1,985 in attorney's fees and three months interest of the settlement amount. Plaintiff's motion focuses on the repeated delay of the settlement check delivery, even after the Court's June 10, 2020, extended deadline.

To be sure, Defendant's delay should not be emulated. However, shortly after the parties executed the Release of Claim, the entire country found itself in the midst of the unprecedented COVID-19 pandemic. Defendant's principal place of business was subject to strict lockdown regulations as a result. These unexpected restrictions provide some explanation concerning the delayed settlement check delivery. As discussed below, Plaintiff's motion for sanctions [Filing No. 23] should be denied.

## II.     Background

Plaintiff sued Defendant for negligence stemming from an August 2018 incident at a Live Nation venue. [Filing No. 1-2.] Parties agreed on settlement terms on January 2, 2020. [Filing No. 26, at ECF p. 1.] A formal, written Release of Claim was executed on March 9, 2020. [Filing No. 26, at ECF p. 2.]

Defendant's principal place of business is located in Los Angeles County, California. [Filing No. 26, at ECF p. 1.] Los Angeles Mayor Eric Garcetti issued a "Safer at Home Order" on March 19, 2020, which required all Los Angeles County residents to stay home except for essential travel. [Filing No. 26, at ECF p. 2.] On April 17, 2020, Defendant's counsel told Plaintiff that Defendant was ordering the settlement check, which normally took two weeks to process. [Filing No. 23, at ECF p. 1-2.] Defendant's counsel also mentioned that it might take longer "due to people working remotely." [Filing No. 23, at ECF p. 2.] Plaintiff had not received the check after waiting "nearly three weeks[.]" [Filing No. 23, at ECF p. 2.]

Plaintiff sought the Court's intervention, and the Magistrate Judge held a telephonic status conference on May 27, 2020, to address the delayed payment. [Filing No. 23, at ECF p. 2.] The Court ordered Defendant to deliver the settlement check to Plaintiff's counsel "no later than June 10, 2020[.]" [Filing No. 23, at ECF p. 2.] Defendant's employees "were unable to access their facilities to draft and issue the settlement check as the process is incapable of being conducted remotely." [Filing No. 26, at ECF p. 2.] Accordingly, Defendant was unable to deliver the settlement check by June 10, 2020. [Filing No. 23, at ECF p. 3.] However, on June 11, 2020, Defendant's counsel delivered the settlement check to Plaintiff's counsel. [Filing No. 23, at ECF p. 3.] Plaintiff responded the same day by filing the instant motion for sanctions. [Filing No. 23.]

**III.    Discussion**

Defendant does not dispute that it failed to timely deliver the settlement check to Plaintiff. [Filing No. 26, p. 3.] The parties' written settlement agreement was finalized on March 9, 2020, [Filing No. 26, at ECF p. 2], and it took Defendant over three months to deliver the check to Plaintiff. [Filing No. 23, at ECF p. 3.] Plaintiff was even given an extension of time to deliver the check. [Filing No. 23, at ECF p. 2.] But does this delay support imposing sanctions? It does not.

Sanctions serve two main purposes: to penalize a person that fails to follow the rules and to serve as a deterrent from engaging in similar conduct in the future. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 758–59 (7th Cir. 2005). Imposing sanctions against Defendant would not satisfy either purpose. The world has been experiencing a catastrophic virus pandemic due to COVID-19. In these unprecedented times, state and local governments across the country have implemented strict regulations to mitigate the spread of COVID-19. One of these local governments is Los Angeles County. A stay-at-home order was issued by the Los Angeles Mayor on March 19, 2020, which prohibited residents from leaving their homes except for essential travel. [Filing No. 26, at ECF p. 2.] According to Defendant, this meant that its employees were unable to enter the facilities to produce the settlement check. [Filing No. 26, at ECF p. 2.] Defendant's counsel informed Plaintiff's counsel that processing the settlement check normally took two weeks. [Filing No. 26, at ECF p. 4.] However, the Los Angeles County COVID-19 regulations created obstacles for Defendant to timely produce the settlement check.

It should also be noted that Plaintiff was not prejudiced by the delay. While it is true that Defendant delivered the check after the deadline set at the May 27, 2020, status conference,

3

[Filing No. 23, at ECF p. 3], the delay cannot be reasonably seen as material. Defendant's counsel made himself available to hand-deliver the settlement check to Plaintiff's counsel, [Filing No. 26, at ECF p. 2], and the check was ultimately delivered "[a]t approximately 10:00 am" the day after the deadline. [Filing No. 23, at ECF p. 3.] As of this writing, the coronavirus has killed 661,917 people and infected 16,810,315 worldwide, including 152,042 deaths and 4,461,216 infections in the United States.[1] In this context, delivering a settlement check one day late hardly rises to the level of sanctionable conduct.

## IV. Conclusion

Monetary sanctions against Defendant are not warranted. The COVID-19 pandemic in general, and the Los Angeles County COVID-19 travel restrictions in particular, created an obstacle for Defendant in timely producing and delivering the settlement check to Defendant. Plaintiff did not suffer prejudice, and Defendant's counsel made a good faith effort to deliver the check as quickly as possible. Therefore, as ore fully set forth above, Plaintiff's motion for sanctions [Filing No. 23] should be denied.

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 8/3/2020

_[signature]_

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

---

[1] Coronavirus (COVID-19) statistics, https://www.bing.com (July 29, 2020).